UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALEXANDER L.C.,[1]<br><br>Petitioner,<br><br>v.<br><br>ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | No. 1:26-cv-05701-TLN-CSK<br><br>A# 220-889-730<br><br>**RELEASE ORDER** |

This matter is before the Court on pro se Petitioner Anthony Alexander L.C.'s ("Petitioner") Petition for Writ of Habeas Corpus.[2] (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) Petitioner filed a reply. (ECF No. 9.) For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to IMMEDIATELY RELEASE Petitioner.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] The Court liberally construes Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner entered the United States without admission and was apprehended by immigration authorities on December 4, 2021. (ECF No. 8-3 at 2.) Immigration authorities initiated removal proceedings against Petitioner and released him on his own recognizance. (*Id*. at 3, 21–23.) Over the last five years, Petitioner established community ties, maintained a stable residence, obtained gainful employment, paid his taxes, and emotionally and financially supported his wife and three children. (ECF No. 1 at 2, 25–160.) Petitioner does not have any criminal history. (*Id.* at 2; ECF No. 8-4 at 2.)

On December 6, 2025, immigration authorities re-detained Petitioner. (ECF No. 8-4 at 2.) Petitioner was initially detained in the Middle District of Florida where he first filed a habeas petition. *Anthony Alexander L.C. v. Noem, et al.*, No. 2:26-cv-00237-KCD-NPM (M.D. Fl. Apr. 15, 2026). On April 15, 2026, the court found that Petitioner was subject to 8 U.S.C. § 1225(b)(2) and he was subject to mandatory detention without a bond hearing. (ECF No. 8-1.) Petitioner was subsequently transferred to approximately five other immigration detention facilities and he is now detained at the Golden State Annex in this district. (ECF No. 1 at 2.)

On April 7, 2026, an immigration judge ordered Petitioner removed. (ECF No. 8-5.) Petitioner has timely appealed that order and the order is stayed. (ECF No. 8-6.)

In over nine months of detention, there is no evidence in the record that Petitioner received a meaningful opportunity to be heard as to his detention. Petitioner now challenges the lawfulness of his detention. (ECF No. 1.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner alleges his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 7–8.) In opposition, Respondents contend the Petition is barred by the abuse of writ doctrine and maintains Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). (ECF No. 8.) The Court first resolves the threshold issue of the abuse of writ doctrine before turning to the merits of Petitioner's claims.

### A. Abuse of Writ Doctrine

The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.*

Respondents argue that "[a]lthough this case would otherwise fall under the category of habeas cases in which this Court has typically ordered immediate release, under the abuse of writ doctrine Petitioner should not be permitted to relitigate" the claims on which the Middle District of Florida has already ruled. (ECF No. 8 at 2.) What Respondents fail to disclose is that three weeks after the Middle District of Florida denied the first petition, the Eleventh Circuit rejected the district court's reasoning. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1266 (11th Cir. 2026) (rejecting the argument that all persons who entered the United

[3] Finding relief warranted on the INA and Fifth Amendment claims, the Court declines to address Petitioner's remaining claims in favor of judicial economy.

States unlawfully and are present are "applicants for admission" who are "seeking admission" as being contrary to the text of 8 U.S.C. § 1225 and the structure of the INA).

Moreover, since Petitioner filed his second petition, the Ninth Circuit agreed with the Eleventh Circuit on this issue. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Now, in both jurisdictions in which Petitioner has filed, controlling authority dictates a different outcome of Petitioner's claims than in the first-filed petition. To ignore Ninth and Eleventh Circuit precedent and to deny Petitioner relief would work a fundamental miscarriage of justice. *See Santos Sagastizado v. Warden of the Golden State Annex*, No. 1:26-CV-03798-EJD, 2026 WL 1656091, at *2 (E.D. Cal. June 8, 2026) (finding successive habeas petition not barred after *Hernandez Alvarez*). Therefore, the Petition is not barred and the Court rules on the merits of Petitioner's claims.

B. <u>Immigration and Nationality Act</u>

As previewed above, controlling authority now dictates Petitioner's detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2). The Ninth Circuit has agreed with the Eleventh Circuit in rejecting Respondents' interpretation of § 1225(b)(2). *Rodriguez Vazquez*, 2026 WL 2196424, at *3; *Hernandez Alvarez*, 175 F.4th at 1266. The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Rodriguez Vazquez*, 2026 WL 2196424, at *10. In contrast, individuals who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3. Petitioner is present in this country without admission and he was apprehended in Florida after living at liberty for more than four years. Thus, Petitioner's detention is governed by 8 U.S.C. § 1226(a).

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). There is no evidence in the record of any of the procedural safeguards owed to Petitioner under § 1226(a). Specifically, there is no

evidence of a warrant, custody determination, or bond hearing. Thus, the Court finds Petitioner was denied the process owed under § 1226(a). Respondents therefore violated the INA.

C. Fifth Amendment Due Process Clause

Petitioner has been detained since December 2025 and contends that his continued detention violates the Fifth Amendment. (ECF No. 1 at 8–9.) The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. The government's decision to release Petitioner on his own recognizance was an "implicit promise" that he would not be re-detained during the pendency of

his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Moreover, Petitioner has lived in the United States for over four years, during which time he worked and provided for his family. The time Petitioner spent released on recognizance creates a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

*ii. Process Required*

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Petitioner is detained across the country from his family, separated from his children and wife, experiencing stress and health problems, and unable to work. While there is a removal order for Petitioner and his liberty interest may be diminished slightly, that order is stayed and under appeal, thus, Petitioner's interest is not extinguished. Accordingly, this factor weighs in favor of finding Petitioner has a private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final and executable order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."

*Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to a final order of removal; his immigration proceedings are pending before the Board of Immigration Appeals. Additionally, the government necessarily made a determination that Petitioner was not a danger or flight risk to release him in the first instance. *See* 8 C.F.R. § 212.5(b). Petitioner's lack of criminal history while at liberty only serves to strengthen the government's findings. Respondents do not identify any change in circumstances to alter that original finding, nor do they argue Petitioner is a danger or a flight risk now. Moreover, the record is devoid of evidence that Petitioner has received statutorily required procedural safeguards, as discussed above. After more than nine months of detention, no neutral decisionmaker has found that a special justification outweighs Petitioner's protected liberty interest. Thus, the risk that Petitioner remains detained without proper justification is exceedingly high, and this factor weighs heavily in his favor. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without any opportunity to be heard is low. Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. The effort and cost required to provide Petitioner routine procedural safeguards like notice and a hearing are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Indeed, these are the very processes required under 8 U.S.C. § 1226(a). Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a pre-deprivation hearing. Certainly, Petitioner was at least entitled to a meaningful opportunity to be heard as to the justification of his detention over the course of his nine months of detention. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Respondents have provided no such opportunity. Thus, Respondents have violated the Fifth Amendment Due Process Clause.

///

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Anthony Alexander L.C. (**A# 220-889-730**) from custody under the same conditions he was released prior to his current detention. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide him a copy of this Order. Respondents must file a **notice certifying compliance** with this provision of the Court's Order by **August 18, 2026**.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) and Motion to Appoint Counsel (ECF No. 3) are DENIED as moot.

4. The Clerk of Court is directed to serve this Order on the **Golden State Annex**.

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE